1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9   Citizens Against UFO Secrecy, Inc.,    )   No. C.V.-99-0108-PHX-SMM
                                           )
10              Plaintiff,                  )   **MEMORANDUM OF OPINION AND**
                                           )   **ORDER**
11  vs.                                     )
                                           )
12  Department of Defense,                  )
                                           )
13              Defendant.                  )
                                           )
14  _____)

15

16          Pending before the Court is Defendant's Motion for Summary Judgment. After

17  hearing oral argument on February 7, 2000, and reviewing the supplemental affidavits and

18  response, the Court now rules.

19                                **BACKGROUND**

20          In letter dated July 23, 1998, Citizens Against UFO Secrecy, Inc., ("Plaintiff"),

21  requested the Department of Defense ("DOD"), Directorate of Freedom of Information and

22  Security Review("DFISR"), to conduct a search under the Freedom of Information Act, 5

23  U.S.C. § 552 ("FOIA").   Plaintiff's request sought all documents related to certain

24  "unidentifiable and unique aerial objects ... described by eye-witnesses as either delta,

25  boomerang, triangular or v-shaped; ranging in size from a house to a football field; moving very

26  slowly or apparently floating; little or no sound; and with many lights including, on occasion,

27  a red trailing light". (Letter from Gersten to DOD of 7/23/98 at Def.'s S.O.F. at Exh. A.)

28

1     Defendant responded in a letter dated August 17, 1998 and directed Plaintiff to the

2     National Archives and Records Administration ("NARA"), the Government Printing Office,

3     and the Air Force. Defendant stated that, to the best of its knowledge, all of their UFO records

4     had been sent to those agencies.

5     Believing the response to be the "standard UFO reply", Plaintiff filed a FOIA

6     Appeal with DFISR on August 26, 1998, asking DFISR to "forward th[e] APPEAL to the

7     proper parties." (Letter from Gersten to DOD of 8/26/98 at Def.'s S.O.F. at Exh. C.).   The

8     Defendant responded to Plaintiff's appeal on February 23, 1999, reiterating the findings of

9     August 17, 1998, and again directing Plaintiff to the Air Force and the NARA.

10     In this lawsuit, filed January 22, 1999,  Plaintiff seeks to enjoin Defendant from

11     withholding agency records pursuant to the Freedom of Information Act. Plaintiff claims that

12     Defendant's search for documents responsive to its FOIA request for records was unreasonable.

13     Defendant filed this Motion for Summary Judgment on July 14, 1999, claiming that

14     the search responsive to Plaintiff's request was reasonable and complied with the FOIA

15     requirements. Attached to the motion were the declarations of three agency officials involved

16     in processing the Plaintiff's FOIA request. The declarations outlined the search procedure used

17     by these three agencies.[1]

18     The DARPA official stated that an electronic mail message "detail[ing] the records

19     sought by [Plaintiff]", marked "importance High", was sent to all DARPA employees. (Decl.

20     of R. Dunn, Def. S.O.F., Att. 2).  The message directed any employee having information

21     regarding Plaintiff's request to respond immediately. Id.  The Declaration, however, did not

22     describe the substantive content of the electronic mail message.

23     The OSD/OJCS official stated that the agency's computerized "index was queried

24     by Information Management personnel for records concerning the object or craft described."

25

26

---

27     [1]   These agencies include: the Defense Advanced Research Projects Agency
("DARPA"), DFISR, and the Office of the Secretary of Defense/Office of the Joint Chiefs of

28     Staff ("OSD/OJCS").

1   (Decl. of E. McBride, Def. S.O.F., Att. 3 at 3.).  This Declaration also did not include the

2   specific search terms used to query the computerized document index.

3          The Court heard oral argument on Defendant's Motion for Summary Judgment on

4   February 7, 2000.  On February 16, 2000, the Court ordered Defendant to file supplemental

5   affidavits setting forth the specific search terms used by the OSD/OJCS in conducting its

6   computerized index search and a reasonable description of the electronic mail message used in

7   performing the DARPA records query.

8          In response to the Court Order, Defendant filed three supplemental affidavits on

9   March 17, 2000.  The OSD/OJCS's affidavit set forth the 32 specific search terms used in

10  querying the agency's database.  The terms used are listed as follows:

11         UFO, unidentified flying object, spacecraft, alien craft, flying saucer,
           v-shaped, delta, boomerang, triangular, triangle, size, house, football
12         field, big, large, appear, float, hover, sound, soundless, quiet, lights,
           corner, sides, underneath, underside, bottom, several, red, centered,
13         multiple, and trailing.

14  (Supp. Decl. of Edmund McBride at 2.)

15         DARPA's two supplemental affidavits stated that DARPA used Plaintiff's exact

16  language in its search for Plaintiff's records.  As evidence, one supplemental affidavit included

17  a hard copy of the original electronic message.  The contents of the electronic mail message is

18  as follows:

19         All,

20         I have a Freedom of Information Act Appeal in which [DFISR]
           has directed that we conduct a search in our Agency for any of the
21         following documents/information:

22         (Quote from the requester) "I swear this craft just appeared over my
           head.  I can say for certain I saw lights at each one of the three corners
23         of the craft an at least one on each of the sides.  I did see what
           appeared to be either a large light or window directly in the center of
24         the triangle.  The eerie part was the silence for a craft hovering so
           close.  It disappeared just as suddenly as it appeared and was gone
25         again without any visible movement.  It was pretty creepy."

26         **Any Documents that respond to the Description of the craft:**

27         'delta, boomerang, triangular or v-shaped: ranging in size from a
           house to a football field; ability to move slowly or appear to float; little
28

- 3 -

1

2

or no sound; and with several lights (usually at the corners but also seen along the sides) including, on occasion, either a red trailing light or a light centered underneath the craft.

3

4

If you know of any program in DARPA(past, present) which fits this description, please notify me immediately. I have a xerox copy of the photos and sketches of the craft if you need to see them.

5

6

The DARPA suspense for response is October 9, 1998.

7

thanks

8

Tricia Rohrkemper
FOIA Officer
OGC/DARPA

9

10

(Decl. of Thomas M. Hillin at Att. 1.)(Emphasis in original.)

11

12

## STANDARD OF REVIEW

13

**I. Summary Judgment**

14

A court must grant summary judgment if the pleadings and supporting documents,

15

viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue

16

as to any material fact and that the moving party is entitled to judgment as a matter of law."

17

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v.

18

Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines

19

which facts are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see Jesinger,

20

24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the

21

governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S.

22

at 248. The dispute must also be genuine, that is, "the evidence is such that a reasonable jury

23

could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

24

A principal purpose of summary judgment is "to isolate and dispose of factually

25

unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against

26

a party who "fails to make a showing sufficient to establish the existence of an element

27

essential to that party's case, and on which that party will bear the burden of proof at trial." Id.

28

at 322; see Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving

1   party need not disprove matters on which the opponent has the burden of proof at trial.

2   Celotex, 477 U.S. at 317. The party opposing summary judgment "may not rest upon the mere

3   allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing

4   that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co.

5   v. Zenith Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d

6   1044, 1049 (9th Cir. 1995).

7   **II. FOIA**

8           In a FOIA action, the "adequacy of the agency's search is judged by a standard of

9   reasonableness, construing the facts in the light most favorable to the requestor." Citizens

10  Comm. on Human Rights v. FDA, 45 F.3d 1325, 1328 (9th Cir. 1995). The defendant must

11  establish that it has conducted a search reasonably calculated to uncover all relevant documents.

12  Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir. 1985). As the Ninth Circuit has noted:

13              the issue to be resolved is not whether there might exist any
                other documents possibly responsive to the request, but rather
14              whether the search for those documents was adequate. The adequacy
                of the search, in turn, is judged by a standard of reasonableness and
15              depends, not surprisingly, upon the facts of each case. In
                demonstrating the adequacy of the search, the agency may rely upon
16              reasonably detailed, nonconclusory affidavits submitted in good faith.

17  Id. (quoting Weisberg v. U.S. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

18  Affidavits submitted by a government agency are presumed to be made in good faith. Safecard

19  Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991). If the defendant provides affidavits

20  setting forth sufficiently detailed, non-conclusory information regarding the steps it took in

21  searching for the requested materials, the plaintiff must establish substantial doubt regarding

22  the reasonableness of the search in order to defeat a motion for summary judgement. Truitt v.

23  Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990).

24                                    **DISCUSSION**

25          Defendant asserts that it conducted an adequate and reasonable FOIA search

26  pursuant to Plaintiff's request for records and that the search revealed no responsive records.

27

28

1   Defendant argues that, because it complied with all of the FOIA requirements in responding to

2   Plaintiff's request for records, summary judgment is proper.

3          To show the adequacy of its search, the DOD attached declarations of three agency

4   officials who processed and responded to the Plaintiff's request.  The declarations outlined the

5   efforts of three DOD agencies in locating records responsive to Plaintiff's request.  The

6   declarations described, in detail, the procedure used in processing Plaintiff's request.  In the

7   three supplemental declarations, Defendant thoroughly set forth the specific substantive aspects

8   of the DARPA electronic mail message and the OSD/OJCS computerized index query.  In

9   supplementing his own affidavit, Edmund McBride set forth the 32 search terms used in

10  querying the OSD/OJCS computer database. DARPA supplemented Richard Dunn's original

11  affidavit with declarations from Thomas Millen, Acting General Counsel for DARPA, and

12  Patricia A. Rohrkemper, a DARPA FOIA officer.  Attached to these declarations is a hard copy

13  of the original electronic mail message sent by Patricia Rohrkemper to all DARPA employees

14  regarding the Plaintiff's FOIA request.  The declarations emphasize that "the language in the

15  [electronic mail] message is the exact description used by the requester, Mr. Peter A. Gersten,

16  Esq., in his FOIA Appeal letter dated August 26, 1998." (Declarations of P. Rohrkemper and

17  Thomas Hillin at 1.)

18         Taken as a whole, Defendant's search efforts contained in the original and

19  supplemental affidavits set forth sufficiently detailed, non-conclusory information regarding

20  both the substantive and procedural steps taken to search for the requested materials.  The

21  affidavits are properly detailed for the Court to assess the reasonableness of the search and to

22  enable the Plaintiff to challenge the adequacy of the search.  Plaintiff, therefore, must establish

23  substantial doubt about the reasonableness of the search to avoid summery judgment.

24         Plaintiff continues to argue, despite the supplemental affidavits, that substantial

25  doubt exists because: (1) the eyewitness observations of the craft create a triable issue as to the

26  reasonableness of the search, and (2) the search terms used by Defendant made the search

27  unreasonable.

28

**I. Eyewitness Affidavits**

Plaintiff attached thirty-three affidavits to its Response, outlining the personal observations of eyewitnesses who claim to have witnessed a triangular aerial object over various parts of the United States.  Plaintiff contends:

> the affidavits establish the existence of a triangular aerial object with certain specific performance characteristics, in our skies for at least the last twenty years.  Once established,  an inference can be drawn that no matter what the object(s) origin or identity, the OJCS, because of its "intelligence and security" responsibility must have information about it.

(Pl. Resp. at 4.)

The Court cannot agree with this reasoning.  The "mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search".  Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  Even if the Court were to accept Plaintiff's argument that the affidavits conclusively establish the existence of a unique aerial object, this does not demonstrate that reports on the object are in Defendant's possession.   Therefore, the existence of the thirty-three  eyewitness affidavits does not create substantial doubt as to the reasonableness of Defendant's search to defeat this motion for summary judgment.

**II. Search Terms**

Plaintiff contends that by including the terms "spacecraft", "alien craft", and "flying saucer" in its computerized index query, OSD/OJCS conducted the search in bad faith.  Plaintiff bases this argument on the fact that "the terms 'spacecraft', and 'alien craft' are misleading and wrongly assumes the objects are not ours, while keyword 'flying saucer' is the antithesis of Plaintiff's request, since all of Plaintiff's descriptions, sketches and the one photo were of a triangular, not saucer-shaped, object." (Resp. to Supp. Declarations at 2.).   Plaintiff also argues that it is entitled to know whether the keywords were used in an "and" or in an "or" context.

Plaintiff further asserts that the contents of the DARPA electronic mail message evidence a bad faith effort and inadequate search on behalf of the Defendant because:

> [t]hough Plaintiff's general description of the object is included in

1   the e-mail, what is not included is more relevant on the issue of
    reasonableness: 1) two of the three eyewitness accounts provided
2   by Plaintiff were not included; 2) the dates and the places when
    and where the object was most readily see were not included; and
3   3) the eyewitness sketches and one photo were not included.

(Id. at 3)
4

5       The Court believes this logic is misguided.  By including extra search terms in the

6   computer index query and by excluding the specific eyewitness accounts, sketches, and time and

7   place restrictions in the electronic mail message, Defendant has broadened the parameters of

8   its search.  Defendant's search included the search terms Plaintiff requested.  Had any

9   responsive records existed, they more likely would have been identified in the expanded

10  parameter search than the more limited parameter search argued for by the Plaintiff.

11  Consequently, Plaintiff has failed to establish substantial doubt regarding the reasonableness

12  of Defendant's search.  Therefore, the Court concludes that the search was reasonable

13                                  **CONCLUSION**

14      This case is not one over the existence or non-existence of UFO's, but whether the

15  government has conducted a reasonable search regarding information on specific aerial modes

16  of transportation.  A fruitless search result is immaterial if Defendant can establish that it

17  conducted a search reasonably calculated to uncover all relevant documents requested for by

18  Plaintiff.  Defendant has met its burden by providing sufficiently detailed affidavits for the

19  Court to conclude that a reasonable search was conducted in responding to Plaintiff's FOIA

20  request for documents. Plaintiff has failed to demonstrate substantial doubt regarding the

21  reasonableness of the search.  Therefore, Defendant's Motion for Summary Judgment is

22  granted.

23

24

25

26

27

28

1    Accordingly,

2        **IT IS ORDERED** that Defendant's Motion For Summary Judgment [Doc. No. 12]

3  is granted.

4        **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment

5  accordingly.

6        DATED this **30** day of **March**, 2000.

7

8

9

10                          Stephen M. McNamee
                           Chief United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28