FILED ☒   LODGED ☐
RECEIVED ☐   COPY ☐

APR 17 2001

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Citizens Against UFO Secrecy, Inc., | CIV 99-108-PHX-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| Department of Defense, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Relief From Judgment pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. Defendant filed a Jurisdictional Response to Plaintiff's Motion on November 6, 2000. The reply time having passed, and no reply to Defendant's Jurisdictional Response having been filed, the Court now issues it's ruling.

### BACKGROUND

On March 30, 2000, this Court granted Defendant's Motion for Summary Judgment and the above-captioned matter was terminated in its entirety. Judgment was entered in favor of Defendant on that date. No further action was taken until May 23, 2000, when Plaintiff filed a Notice of Appeal of the March 30, 2000 Order and Judgment. Then, on October 23, 2000, Plaintiff filed the instant Motion for Relief from the March 30, 2000 Judgment with this Court. Defendant responded on November 6, 2000, raising a jurisdictional challenge to Plaintiff's Motion for Relief. Defendant also filed a Motion to Strike the Affidavit of

1  Plaintiff's Counsel Filed in Support of Plaintiff's Rule 60(b) Motion, wherein it contested
2  the admissibility of the affidavit attached in support of Plaintiff's Motion for Relief.

### STANDARD OF REVIEW

4  Relief under Rule 60(b) may be granted for the following reasons: (1) mistake,
5  inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due
6  diligence could not have been discovered in time to move for a new trial under Rule 59(b);
7  (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other
8  misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied,
9  or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ.
10 P. 60(b).

11  Rule 60(b) "has been used sparingly as an equitable remedy to prevent manifest
12 injustice. The rule is to be utilized only where extraordinary circumstances prevented a party
13 from taking timely action to prevent or correct an erroneous judgment." United States v.
14 Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993); see also Liljeberg v.
15 Health Services Acquisition Corp., 486 U.S. 847, 864 (1988) (Rule 60(b) relief available
16 only under "extraordinary circumstances").

### DISCUSSION

18  Plaintiff requests relief pursuant to Rule 60(b)(2), asserting new evidence has come
19 to light which justifies setting aside this Court's Order and Judgment of March 30, 2000. In
20 support of that request, Plaintiff attaches the affidavit of Plaintiff's attorney, Peter A.
21 Gersten.  Defendant contends the affidavit is inadmissible. While this Court finds
22 Defendant's objection well-taken, the admissibility of the affidavit is not before the Court
23 at this time, since a jurisdictional challenge has also been raised.

24  In Defendant's Jurisdictional Response to Plaintiff's Motion for Relief from
25 Judgment, Defendant points out the appeal taken on May 23, 2000 before the Ninth Circuit
26 is still pending, captioned C.A. No. 00-16036. Because the appeal is presently before the
27 Ninth Circuit, Defendant asserts this Court lacks jurisdiction to entertain Plaintiff's Rule

60(b)(2) motion. The Court so agrees. Once an appeal is taken, the district court's authority to act on a Rule 60(b) motion is limited; it may not grant such motions without a remand from the court of appeals. However, a district court may deny Rule 60(b) motions for lack of jurisdiction. Here, there is no question that Plaintiff is seeking relief from the same March 30, 2000 Judgment which is the basis for the appeal presently before the Ninth Circuit. Therefore, this Court has no jurisdiction to rule on the instant Motion for Relief in the absence of a remand from the Ninth Circuit Court of Appeals. Smith v. Lujan, 588 F.2d 1304 (9th Cir. 1979). There being no such remand here, this Court cannot consider Plaintiff's Motion for Relief. In accordance with the foregoing,

**IT IS ORDERED** that Plaintiff's Rule 60(b)(2) Motion for Relief from Judgment (Doc.#32) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc.#33) is DENIED as moot.

DATED this **12** day of April, 2001.

Stephen M. McNamee
Chief United States District Judge