JUDGMENT
================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---------------

NO. 00-16036
CT/AG#: CV-99-00108-SMM

CITIZENS AGAINST UFO SECRECY, INC.

    Plaintiff - Appellant

v.

UNITED STATES DEPARTMENT OF DEFENSE

    Defendant - Appellee

```
+--------------------------------+
| ✓ FILED        __ LODGED       |
| __ RECEIVED    __ COPY         |
|                                |
|        DEC 1 9 2001            |
|                                |
|  CLERK U S DISTRICT COURT      |
|     DISTRICT OF ARIZONA        |
| BY_____DEPUTY  |
+--------------------------------+
```

---------------------

    APPEAL FROM the United States District Court for the District of Arizona (Phoenix).

    THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Phoenix) and was duly submitted.

    ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

    Filed and entered    November 14, 2001



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 1 0 2001

by: _____
Deputy Clerk

FILED

NOT FOR PUBLICATION

NOV 14 2001

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITIZENS AGAINST UFO SECRECY, INC.,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>Defendant - Appellee. | No. 00-16036<br><br>D.C. No. CV-99-00108-SMM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted November 6, 2001**
San Francisco, California

Before: CANBY, GRABER, and PAEZ, Circuit Judges.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, Plaintiff

Citizens Against UFO Secrecy, Inc., seeks to enjoin the United States Department

---

*/   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**   The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

of Defense from withholding agency records regarding a triangular aerial object. The district court granted summary judgment to Defendant on the basis that it proved that it had conducted a search that was reasonably calculated to uncover all relevant documents, but found none. See Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir. 1985) (stating standard). Plaintiff appeals, and we affirm.

The question is only whether the search was adequate, not whether responsive documents might possibly exist. Citizens Comm'n on Human Rights v. FDA, 45 F.3d 1325, 1328 (9th Cir. 1995). Defendant's affidavits described the search in adequate detail. For example, McBride's affidavit listed each keyword used in the computerized file search, and the Hillin and Rohrkemper affidavits described e-mails sent to employees.

Plaintiff raises a variety of arguments as to why the search was insufficiently thorough and why the affidavits describing the search were deficient. None persuades us.

First, Plaintiff argues that the initial handling of its request was unreasonable, because Defendant replied only that any relevant records would have been sent elsewhere. However, Defendant responded to a second request for information with a thorough search of agency records, so any deficiency in the initial response was cured.

Plaintiff next suggests that the affidavits do not specify that the computer search for 32 terms was disjunctive. But a conjunctive search would have been unusual and unreasonable, and there is nothing in the record to suggest that the search was performed in other than the usual and reasonable way. Plaintiff's argument that the addition of terms not used in its request (such as "UFO" and "flying saucer") made it <u>less</u> likely to find responsive documents fails for the same reason. In a disjunctive search, extra terms make it <u>more</u> likely that responsive documents will be located.

Additionally, Plaintiff argues that the e-mail request to all employees for responsive documents was too abbreviated. But the e-mail used exactly the same text that Plaintiff used in its second letter to Defendant to summarize the request, and it noted that further materials were available to employees who thought they might have responsive documents. Moreover, Defendant's use of the summary broadened, rather than narrowed, the scope of the request.

Next, Plaintiff contends that the e-mail improperly asked for records from any Defense Advanced Research Projects Agency (DARPA) program even though Defendant's files are likely to contain non-DARPA records. Plaintiff's assertion that non-DARPA records exist is wholly speculative and does not demonstrate that the search was inadequate.

3

Plaintiff then argues that a mistake by McBride in filling out Form SD472 creates an issue of fact. McBride checked "record found" in block 4 but, recognizing his error, he scratched out that response and checked "no record" instead. He clarified his meaning in text in block 12, where he stated that a search of the files "disclosed no responsive documents." He said the same thing in his affidavit. In context, there is no inconsistency.

Finally, Plaintiff argues that its eyewitness affidavits "establish the existence of a triangular aerial object with certain specific performance characteristics" so that the court must infer that Defendant holds information about the object due to its responsibilities for intelligence and security. Again, however, speculation that documents exist is insufficient to create a genuine issue of material fact, even when a plaintiff argues that the government is known to maintain documents on a particular subject. Marks v. United States Dep't of Justice, 578 F.2d 261, 264 (9th Cir. 1978). Even if the eyewitness accounts prove the existence of an object, they do not prove the existence of documents about the object in the possession of Defendant.

AFFIRMED.

*A TRUE COPY*
*CATHY A. CATTERSON*
*Clerk of Court*
*ATTEST*
*DEC 10 2001*
*by [signature] Deputy Clerk*

4